Mr. Justice FIELD
delivered the opinion of the court.
The appeal in this ease was dismissed during the last vacation, by stipulation of the parties, under the twenty-ninth rule. A motion is now made on behalf of one Thomas ~W. Mulford and others, that the stipulation be vacated, the mandate of the court be withheld, and their attorney be allowed to enter his appearance and be heard on their behalf.
The case was brought before the court on appeal from the decree of the District Court of the Northern District of California, approving a survey of a confirmed private land .claim, under the act of June 14th, 1860. After, the survey was returned into the District Court, a monition was issued to the marshal requiring him to notify all parties having, or claiming to have, any interest in the survey and location of the claim, to appear on a day designated and intervene for the protection of their interests. The only parties who *716 appeared in pursuance of the notice given by the marshal were the United States, the claimant, and one Castro; and the court ordered the default of all other parties to be entered. Subsequently, Mulford, who now appears in the motion before us, applied to the court to open the default and to allow him to intervene, alleging an interest in a portion of the land embraced by the survey under a patent from the State of California ; but his application was denied. The action of the court in this respect is not subject to revision, the opening of the default being a matter resting in its discretion.
The motion is on behalf of Mulford and others, but who are included by the term “ others” we are not informed by the record. Their names are not given, nor is their interest stated, except in the very general and loose terms with which it is designated in the argument of counsel as that of settlers on the land under the laws of the United States.
The act of 1860 is liberal in the permission it gives for interposing objections to the surveys of confirmed claims made by the Surveyor-General of California; but at the same time it limits with special care the permission to those who aré in fact interested in malting a contest. It authorizes the return of surveys for examination and adjudication only upon the application of parties who, in the judgment of the court or district judge, have such interest as to make it proper for them to intervene for its protection. It provides that, when objections are interposed by the United States, the application shall be made by the district attorney, and be founded on “sufficient affidavits;” and that when application is made by “ other parties claiming to be interested in, or that their rights are affected by,” the survey and location,, there shall be a preliminary examination into the fact of such alleged interest. “ The court, or the judge in vacation,” says the statute, “ shall proceed summarily on affidavits or otherwise to inquiré into the fact of such interest, and shall in its discretion determine whether the applicant has such an interest therein as, under the circumstances of the case, to make it proper that he should be heard in opposition to the *717 survey, and shall grant or refuse the order to return the survey and location as shall be just.”
The proceedings upon this examination, or at least the order of the court or judge thereon, should appear in the record; for we can only know by the order whether the parties have been permitted to contest the survey before the court. When the interest of parties applying is shown and the order is made, those who claim under the United States by “ pre-emption, settlement, or other right or title,” must intervene, not separately, but collectively, in the name of the United States, and be represented by the district attorney, and any counsel employed by them co-operating with him.
In the present case, it does not appear that any of the precautionary steps required by the act in question were pursued by the nameless “ others” for whom the present motion is made. No presentation, so far as the record discloses, was made of the interest of any persons against the survey besides those we have named. And it is not permissible for parties to appear in this court and be heard in opposition to the survey approved, who have never participated, or asked to participate, in the proceedings upon the survey in the court below.
These views also dispose of the motion to set aside the dismissal of the appeal in the case of United States v. Nunez.
The motion in both cases is
Denied.
Messrs. Justices SWAYNE and DAVIS dissented.